Good morning. My name is Richard Gordon. I unfortunately was an investor with Bernard Madoff. When I made that investment I relied on the Clean Bill of Health that Mr. Madoff and his industry had been given by the SEC. Several years later Mr. Madoff went public with the fact that he was running a Ponzi scheme. When that Apparently I was not alone in that wondering. The commissioner of the SEC, Mary Shapiro, had the same questions and she ordered the Office of the Inspector General to investigate. Nine months later the OIG came out with this report, 450 pages long, which is attached as an exhibit to my complaint, categorizing an excruciating process of complaints by the public and reports by the public to the SEC that Mr. Madoff was not legit and how the SEC continued to miss it. It's an excruciating document for a victim of Mr. Madoff's crimes to read. When I read that report I decided the appropriate thing to do was file suit. I did file suit in the federal district courts and the United States Attorney took the position that well if everything in that report is true and everything in your complaint is true, we're immune. We're immune because of something called the DFE, the discretionary function exception. But that is not a blanket immunity to the government. If the Congress had intended to give a blanket immunity to the government for its torts, it would have said so. It is a very limited exception. In fact, it is a two-pronged test that the government must meet both prongs of, and the errors in this case start with the misinterpretation and misapplication of those two prongs below. My complaint, the two prongs which are essential here, are that acts by the government, in this case SEC personnel, would be immune from civil liability if they were discretionary acts not prescribed by a rule or a statute, and if those discretionary acts were based on considerations of public policy. That's United States v. Gobert, if I'm pronouncing it correctly. It's cited in the briefs. So we get to the trial court, and I'm alleging in paragraph 10 of my complaint, the Second Amendment complaint I think is the ethical complaint at this moment, that the government personnel, the SEC, spent days surfing the Internet for porn. And I haven't made this allegation up out of thin air. This is in the report of the Office of Inspector General when he takes a look at the allegation. He comes back and says, yes, our people were on our own equipment surfing the Internet and looking at porn. So I put that in my Second Amendment complaint, and the government argued that was protected by the discretionary function exemptions. And it's not. That's the error below. It's error on both prongs. First of all, spending the day looking at pornography is not a discretionary act by a government employee based on public policy considerations. It's the equivalent of the SEC personnel deciding that they wanted to spend the evening investigating Mr. Madoff and sending out for pizza. And when they send out for pizza, the person they send negligently drives. He uses his discretion in the course of a government investigation to go get pizza, and he negligently drives and has an accident. There's no immunity because it's not an act based on considerations of public policy. Surfing the Internet for porn, making that decision, as opposed to doing an appropriate audit of Mr. Madoff, is an act not based on public policy, and the finding below that it was is error. Secondly, and equally as important, the discretionary function exemption does not apply in an instance where there is a Federal statute or rule proscribing the conduct. And in paragraph 8 of my Second Amendment complaint, I cite chapter and verse of Federal rules proscribing SEC employment employees from sitting at their computers and looking at pornography. Apparently, they had a problem, and they literally promulgated rules. You can't do this. And it's not a discretionary advisement. It is mandatory. It says you shall not do this. The precise languages of those two regulations are paragraphs 8F and 8O, where the government tells its employees, your specific responsibilities include not using I.T. resources for seeking, transmitting, collecting, downloading, or storing pornography. And that's what I allege they did. This is not discretionary at all. It is proscribed by Federal statute or Federal rule. And again, in paragraph 8O, I cite another SEC regulation stating use of SEC office equipment must not result in loss of productivity or interference with productivity or official duties. Misuse of office equipment includes viewing pornography. This is a mandatory rule of the SEC. It's in their Policies and Procedures Manual. I alleged it, and the trial court ruled somehow that this was not mandatory. I assume that rule would cover not just pornography, but if you watch the World Series. I'm not aware of a Federal rule. Well, the rule there says including pornography. It says you can't watch whatever you're not supposed to do for unrelated activities or nongovernmental activities. And then they say including pornography. But I assume it would cover anything. I think if the SEC had spent the entire time of its Madoff investigation watching the World Series, they would be liable. Well, you're saying they spent the entire time watching pornography? No, I'm not saying they spent the entire time. It's not much worse than several of them watching the World Series. Depending on the level of the play. Well, depending on a number of things. But that's what the rule is, that you're not supposed to use government property for other personal purposes. 8F cites a government regulation specifically forbidding them from seeking, transmitting, collecting, downloading, or storing pornography. Perhaps the government felt that that would be divertive. In any event, finding that these are not mandatory duties is error. Equally as importantly, the failure of the trial court to allow me to conduct discovery was error. The trial court correctly read the rule, then it's not protected under the exemption. It allowed me to amend my complaint to set out the mandatory duties. Can I ask you one question here? You keep saying about your complaint and all of that. You are a plaintiff in this case, which is I guess the Dictor Madd family. Is that Madd? Do I have any relation to Madoff? Yes. That's not me. That's not you. I'm not Dictor Madd Family Partnership LLC. You're Richard Gordon, one of the plaintiffs. Correct. It says here that you're here pro se. I am. Are you a lawyer? I am. I'm not a practicing attorney, Your Honor. I used to practice law. Did you file a complaint? Or was it originally a Dictor? Phillip Dictor is an attorney. He represents the other plaintiffs. Did they not appeal? I believe they did appeal. And what happened to that case? It is part of this case. Okay. So you're representing everybody, not just me. No, Your Honor. I only represent myself. Mr. Dictor represents all the other plaintiffs except me. Well, where is he then? My understanding is that Mr. Dictor is in France. But no, no. Where's his case? I mean, is there any appeal on behalf of the other plaintiffs? Yes. Is it consolidated with this appeal? It was never anything except part of this case. We are co-plaintiffs. Mr. Dictor's clients and myself are co-plaintiffs. Both Mr. Dictor and myself filed notices of appeal and filed briefs. Mr. Dictor has not appeared this morning to argue the case, but I believe procedurally it's conjoined. It's all together. Procedurally, you think this appeal is the appeal of the whole case? Yes, I do. But you are not arguing for the other plaintiffs? I do not represent them, Your Honor. So... Well, if the whole case is before us, are there two separate appeal numbers, do you know? No, it's the same number. And that's the case we're hearing, and you are arguing only for yourself and no one is appearing on behalf of the other plaintiffs? That is correct, Your Honor. May I return to the issue of discovery? Yes. What I want to know is if you had been allowed to have discovery, what would you have wanted to see? Well, there is a list of broad discovery demands in my brief, my opening brief. In addition to that, I wanted to see the red book. When the first complaint was heard over the government's objections, the court gave me leave to amend, to set out mandatory duties. But I don't know what the mandatory duties of the SEC are. I need to be able to discover it. So the court would not allow me any formal discovery. I started literally making phone calls to SEC offices saying, look, there's got to be some rules under which you operate. And I ended up speaking to a lot of dial tones. But finally, in a regional office, I found Ms. DeLaPaz, who you will find deep, deep, deep buried in this record, who actually spoke to me. And she said, you know, there is, there's this huge thing called the Policy and Procedures Manual. And it has all these directives about what we're supposed to do and what we're not supposed to do. So I filed a declaration with the court saying I'd had this conversation, and the United States Attorney initially denied it existed. Ultimately, Judge Wilson below ordered a declaration from Ms. DeLaPaz. And she, they found her in the regional office where I told her she was. And she said, yeah, I spoke to Mr. Gordon, and, you know, we got these things. And the judge ordered it produced in camera. He looked at it and said, there's nothing in here that could help you, but I'll let you look at it. So he sent it to me. It was 1,086 pages. And I spent, as only a victim, Mr. Madoff, could, the time it took to read 1,086 pages. And I found the 20 mandatory duties, using the words not, must, prohibited, shall not, cannot, that I list in Paragraph 8 of my Second Amendment complaint. Okay. So what further discovery? Okay. So that came down, and then I continued to try to find what else there might be, because I felt like I had just hit the tip of the iceberg. And I found an article by a gentleman who was, had served as a branch chief of the SEC Enforcement Division, saying there was this thing called the Red Book that set out all the enforcement provisions and how you're supposed to conduct an investigation. And I quoted you. He appears in my Second Amendment complaint, and I quoted it to you in my brief. And I asked the judge for that. And he said, well, I'll take a look at it. This was the same fellow who said there was nothing in the 1,086 pages in the Apologies and Procedures Memorandum that could help me, but which I found 20 mandatory duties. And he looked at it in camera, and he said, there's nothing there for you. You can't see it. In addition, there is the entire question of the MUIs, the matters under inquiry. Subsequent to my filing my Second Amendment complaint, and subsequent to the court's ruling thereon, and even subsequent to the initiation of this appeal, the Office of the Inspector General came out with another report indicating that the SEC had destroyed thousands and thousands and thousands of its MUIs, which are the preliminary MUIs. And it's really important because one of the central theses of the OIG's initial report on how this never was discovered is that different offices of the SEC were not communicating with each other, sort of like a 9-11 story where they didn't connect the dots. And you have a complaint at the Connecticut office. You've got a complaint in New York. You've got another complaint in Washington, and they're internecine rivalries, and they're not talking to each other, and they don't know, so they're not taking these complaints as seriously as they might. But the destruction of these MUIs, according to an ex-attorney from the SEC, is a violation of Federal statute and Federal rule. If these MUIs had been destroyed and were part of the process of the failure of the SEC to find the Madoff fraud and thereby cause me the damages, then I'm entitled to know about it and make that case because this would not be exempt under the discretionary function exemption because it would be a violation of a prescribed activity. So I've asked for that and have not been allowed. And that's the kind of discovery I want to do. Yes, I want to send written, I want interrogatories, request for destruction, request to produce documents, I want depositions, I'd like some requests for admissions, I want to conduct full discovery. I'm getting stonewalled by the government. All right. Thank you, counsel. Thank you very, very much. Good morning, Your Honors. May it please the Court, Sparkles Huffington for the United States. Your Honors, the District Court correctly concluded that the discretionary function exemption includes jurisdiction over this lawsuit. Decisions about whether, when, and against whom to initiate a prosecution and an enforcement action are subject to discretionary function exemption. Discretionary function exemptions are decisions that are quintessential examples of governmental discretion. They are decisions that courts have uniformly found to be immune under the discretionary function exception. And particularly in this case where we have clear statutory language, entrusting those decisions to a governmental agency and to their discretion, the suit is not permitted under the FTCA. The statutory language in this case, Your Honors, could not have been written any clearer. Section 21 of the Securities and Exchange Act unequivocally states, and I quote, that the SEC may, in its discretion, bring an action, end quote, to enjoin violations of securities laws. And similarly it states, and I quote again, that the Commission may make such investigations as it deems necessary, end quote, to determine if securities laws are being violated. The statutory language and its implementing regulations are completely discretionary and that shields lawsuits such as this one. The discretionary function exception bars claims that are based on the exercise of discretion and the failure to exercise such discretion. The SEC's decision not to bring an enforcement action and not to prosecute Mr. Madoff was made in its exercise of its discretion. It is fundamentally and at heart a policy decision and it is one that is barred under the FTCA. What was the policy that was implicated by not further investigating Madoff? Your Honors, the policy inherent in any decision not to enforce bring an enforcement action or not to investigate are the SEC's allocation of resources. It's the SEC's decision whether a prosecution is appropriate. The decision as to whether or not to bring an enforcement action or bring a prosecution is a policy judgment. And because the statute gives the SEC discretion in making those decisions, those decisions are presumed to be policy decisions. Every court that has heard matters that involve prosecution and matters that involve bringing an enforcement action have uniformly found those decisions to be immune under discretionary function exception. And Congress said as much. Plaintiff argues that Congress did not intend to create a blanket immunity. And they did not. But in the legislative history to the FTCA, they stated very clearly that the discretionary function exception was designed to preclude lawsuits rather based on the alleged abuse of discretion, whether or not there was negligence involved along the way. And the OIG report, which put plaintiff sites in detail and in fact, which as plaintiff represented to this Court, was a rigorous and exhaustive investigation into what happened here. And the OIG did not identify any mandatory directives that the SEC violated. The OIG found that the SEC did not conduct a thorough investigation. But the discretionary function exception clearly applies even when there's negligence involved, even when employees are not diligent, and even when the agency abuses that discretion. And so it clearly precludes this lawsuit which challenges the decision of a law enforcement agency not to bring an enforcement action. And that decision was made in the exercise of statutory discretion. Have there been any other lawsuits against the SEC arising from the Madoff investigation? Yes, Your Honor. There's currently a lawsuit that's scheduled for argument in the Third Circuit where the district court found below as this district court did that it was precluded. There is a lawsuit in the Second Circuit that has not been scheduled for argument. There the district court also found the suit to be precluded based on the discretionary function exception. And there is a lawsuit in the D.C. Circuit that has not been briefed yet, and we're awaiting a briefing schedule there. Your Honors, plaintiffs are attempting to plead around the discretionary function exception here by claiming that the SEC violated policies and procedures. But they have not identified any mandatory directive that constrains the SEC's discretion as they must. And nor can they. The statutory language is clear. The implementing regulations are clear. We have the OIG that conducted an intense investigation and found no mandatory directives that were violated. Even if SEC... Well, if there were mandatory directives that were violated, the plaintiff would have at least purposes of pleading a cause of action. If plaintiffs could identify some mandatory directive, then... Well, now, that means a mandatory directive prescribed by agency regulations as well as by statute. Yes, Your Honor, but... In order to know that, whether there were, wouldn't the plaintiff have to be able to have access to any of the plaintiff policies and regulations? Well, Your Honor, we have all the section 202.5 of the SEC's implementing regulations track the language of the statute very clearly. They state that the commission has discretion... That's my question, is are there any policies or guidelines or regulations or anything that the plaintiff has been unable to obtain? Your Honor, not at all. The plaintiffs had... The district court went above and beyond here by ordering discovery into certain documents. The district court reviewed the red book that plaintiff identified in camera. At this stage, the plaintiffs have been given adequate opportunity to make their pleading. Rule 8 prevents plaintiffs from filing a complaint and conducting a fishing expedition. Plaintiffs have not alleged anything that gives rise to an inference that there is some mandatory directive that constrains the SEC's broad based discretion that is granted by the statute. But the red book, has the plaintiff seen the red book? The plaintiffs have not seen the red book, Your Honor. The red book contains law enforcement strategies that applies to employees conducting... Taking testimony and conducting investigations based on testimony. When plaintiffs identified this, the district court went a step beyond and reviewed this in camera determined as the government had represented to the court that this red book contained techniques for employees seeking testimony. It did not contain any mandatory directives and said as much below. Plaintiffs have... No amount of discovery here, Your Honors, will help plaintiffs. We have a 450 page report conducted by... That came out of this investigation conducted by the OIG, which plaintiff attached their complaint and they found no mandatory directive that the SEC had violated. At this stage of the proceedings, given all of the public reports that have been available and given the documents that plaintiff has been given access to below, there is no inference that plaintiffs can identify some directive that constrains the very broad language in the statute that grants the SEC discretion. The discretionary function exception was designed to preclude lawsuits exactly like this one that are based on the SEC's exercise of its statutorily granted discretion. Whether there was negligence involved or whether that discretion was abused. If there are no further questions from Your Honor, we respectfully ask that the court affirm the decision of the District Court. Thank you. Thank you. The court inquired about other suits. My lawsuit is different. In the other suits in the Second Circuit and in the Third Circuit, the trial court dismissed without allowing the opportunity to amend, without giving any cognizance at all to the requirement that the government show that the discretionary acts were not prescribed by rule or statute. In my case, Judge Wilson said, go and plead mandatory duties. Now, the government always says at every level that there are no mandatory duties and I haven't pled any. But if you look at paragraph 8, you'll see 20 mandatory duties. You know, when Moses descended from the mount, he didn't come down with the 10 discretionary functions. He came down with the 10 commandments. And the reason that we know that they are commandments is they say not and must and prohibited and thou shalt not. And this is the same language that is in the 20 different instances that I have alleged and I pulled verbatim in my brief out of the SEC regulations. It's not discretionary. It's mandatory. And as such, it is the basis to perceive so that a trier of fact can come to a conclusion as to whether or not the violations that I have alleged of these mandatory duties which are not protected under the discretionary function exemption, whether these violations had a causal effect on my loss. That's what this case is about. To stand up here in the face of 20 enumerated mandatory violations, violations having to do with the government is saying is that even if they violated those particular 10, that they could still exercise their so-called discretion not to investigate or prosecute. And that the government is in error, Your Honor. For instance, some of the mandatory duties are not to communicate with the public and the press about these things. Yet I invested with Madoff having checked with the press and with the SEC about the status of investigations against Mr. Madoff. And I received information. They violated mandatory duties. So the press was running stories saying Madoff was clean when he wasn't. And if the SEC had made an administrative decision not to investigate, they had a mandatory duty not to say anything. Whereas the opposite occurred. They gave him a clean bill of health when they weren't supposed to. They violated their own mandatory duty. That's what this case is about. If there are any questions, I thank you all for taking the time to listen to me. Thank you very much, counsel. The case here again will be submitted.
judges: Reinhardt, Wardlaw, Paez